| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:26-CR-74-TAV-DCP |
| | ) | |
| DAVID TURNER, | ) | |
| ROGER WOLFGRAM, | ) | |
| ADAM BOUDET, and | ) | |
| MICHAEL ALEX BATH, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the parties' Joint Motion to Continue Trial and All Associated Deadlines [Doc. 31], filed on July 23, 2026, and Defendants' supplement [Doc. 33].

The parties ask the Court to continue the September 8, 2026 trial date to a date in the late summer or early fall of 2027; to extend the July 28, 2026 motion deadline for a period of ninety days; and to extend all other pretrial deadlines [Doc. 31 ¶¶ 1, 11; Doc. 33 p. 2]. Defendants jointly argue that the Court should find that this case is complex for purposes of the Speedy Trial Act [Doc. 33 p. 2]. As grounds, the parties assert that on July 14, 2026, the Government produced initial discovery, which includes 36,000 files including videos, audio recordings, photographs, and reports [Doc. 31 ¶ 3]. The following day, the Government produced twelve terabytes of supplemental discovery, including data from six computers, three external hard drives, and five cellular telephones [*Id.* ¶ 4]. As of the filing of the motion, defense counsel were working with the Government to access the discovery [*Id.*]. The parties also anticipate additional discovery may be

forthcoming [*Id.* ¶ 5]. The motion relates that defense counsel need time to review and analyze the discovery, confer with their clients, and prepare and file necessary pretrial motions [*Id.* ¶ 6]. The motion states that defense counsel have discussed the necessity of the requested continuance with their clients, who understand and waive their speedy trial rights for the purposes of this motion [*Id.* ¶ 10]. Defendants also understand that the time between the current trial date and the new trial date will be excluded from the speedy trial calculation [*Id.*].

Defendants also contend this case is complex for speedy trial purposes due to the nature of the prosecution and the presence of novel factual issues [Doc. 33 pp. 1–2]. Defendants are charged with conspiracy to commit wire fraud through a series of transactions related to the United States military's global supply chain and procurement for a period of nearly six years [*Id.* at 1]. According to Defendants, although the Indictment focuses on eleven specific purchases, the discovery suggests dozens of additional purchases are relevant [*Id.*]. They assert that "each purchase at issue will have to be traced through a complex series of bids, quotes, invoices, purchase orders, bank records, shipping information, and correspondence from multiple companies and sources" [*Id.*]. Defendants also contend that the case involves novel issues of fact requiring counsel to understand military contracting, procurement, supply chains, payment systems, and the physical components and parts at issue [*Id.* at 2]. These novel factual issues may require counsel to identify and consult with experts [*Id.*]. Defendants maintain that the nature of the prosecution, including the voluminous discovery, and the presence of novel factual issues make it impossible for counsel to prepare for trial within the time frame contemplated by the Speedy Trial Act or before the late summer or early fall of 2027 [*Id.*]. The supplemental brief states that the Government agrees that the case should be declared complex and consents to the requested trial schedule [*Id.*].

Based on the information in the parties' motion and Defendants' supplement, with which the Government agrees, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). In consideration of these factors, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Based upon the extensive and voluminous discovery involving more than twelve terabytes of data, the nature of the prosecution involving military purchasing, and the presence of novel issues of fact, the Court also finds this case is "so unusual or complex, due to the . . . nature of the prosecution, [and] the existence of novel questions of fact . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. *Id.* § 3161(h)(7)(B)(ii). The Court also recognizes that defense counsel, who only recently gained access to the voluminous discovery, need substantial time to review the discovery, to confer with their clients, to prepare and litigate pretrial motions, to investigate the case, to select and confer with experts, and to ready the case for trial. The Court finds that all of this cannot occur before the September 8, 2026 trial date.

The Court therefore **GRANTS** the parties' Joint Motion to Continue Trial and All Associated Deadlines [**Doc. 31**] and the joint request to declare this case complex [*See* Doc. 33]. The trial of this case is reset to **August 10, 2026**. A new trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all the time between the filing of the motion on July

23, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) the parties' Joint Motion to Continue Trial and All Associated Deadlines [**Doc. 31**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **August 10, 2027, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) this case is deemed to be **COMPLEX** for speedy trial purposes;

(4) all time between the filing of the motion on **July 23, 2026**, and the new trial date of **August 10, 2027**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) The deadline for filing pretrial motions is extended ninety days to **October 28, 2026**. Responses to motions are due on or before **November 12, 2026**;

(6) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **July 9, 2027**;

(7) the deadline for filing motions *in limine* is **July 26, 2027**. Responses to motions *in limine* are due on or before **August 3, 2027**;

(8) the parties are to appear before the undersigned for a final pretrial conference on **July 20, 2027, at 11:30 a.m.**; and

(9) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **July 30, 2027.**

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge